GRABER, Circuit Judge,
dissenting:
I respectfully dissent with respect to the claim of retaliation under the Energy Reorganization Act of 1974, 42 U.S.C. § 5851, on two grounds.[1]
*1199 First, the majority rejects Sanders’ claim because the safety problems were not “overlooked, neglected, or concealed by management” and were not “concrete [and] ongoing” issues. Maj. op. at 1198. But the statute does not require management to overlook, neglect, or conceal a safety issue before the protection against retaliation comes into play. Nor does the statute require the safety concern to be concrete and ongoing when the complaint is made.[2] Section 5851(a)(1)(F) casts a wide net; it forbids discrimination against an employee who engages “in any other action to carry out the purposes of this chapter.” (Emphasis added.) See Bechtel Constr. Co. v. Sec’y of Labor, 50 F.3d 926 (11th Cir.1995) (holding that the plaintiffs complaint that procedures the employer was using to handle an already identified safety risk was protected activity).
The majority is wrong to narrow the scope of the statute. The majority fails to follow Mackowiak v. University Nuclear Systems, Inc., 735 F.2d 1159, 1163 (9th Cir.1984), which held that the statute serves the “broad, remedial purpose of protecting workers from retaliation based on their concerns for safety and quality.” In my view, insisting on a faster or more complete solution to a safety problem about which the employer is aware plainly falls within the terms of the statutory “catch-all,” as well as the purpose of the law. In short, Sanders engaged in protected activity.
Second, the majority improperly resolves factual issues against the non-moving party, Sanders. The district court granted summary judgment to the employer. Accordingly, on de novo review we must construe all facts in favor of Sanders. Nordstrom, Inc. v. Chubb & Son, Inc., 54 F.3d 1424, 1429 (9th Cir.1995).
The majority states that, although Sanders initially objected to the “Charlie” designation because he believed that the safety problem deserved a “Bravo” designation requiring faster and more complete action, he ultimately “let it go as a Charlie.” Maj. op. at 1198. That characterization tells only half the story. Sanders told the plant manager:
Well, I don’t agree with their standards. I believe that they’re lower standards than what we’re expecting from the plant. If you guys want to let it go as a Charlie, I’ll let it go as a Charlie, but I’m not in agreement.
Thus, Sanders began by stating his disagreement and ended by emphasizing his disagreement. A better reading of this statement to the plant manager is that Sanders gave up trying to change the outcome, but strongly maintained his complaint that the facility was not living up to appropriate safety standards. A reasonable jury could find that the dispute over the condition report was protected activity.
Additionally, a reasonable jury could find that this activity was a contributing factor in Sanders’ termination and that the reason given was pretextual. See Tamosaitis v. URS Inc., 781 F.3d 468, 481 (9th Cir.2015) (describing elements of proof and burden-shifting; holding that protected activity need only be a contributing factor in the unfavorable personnel action). For example, Pease confronted Sanders over the policy change and threatened: “That’s *1200 twice and I owe you one.” The timing of the investigation also is suspect, as is Pease’s involvement and his testimony that contradicted Atkinson’s testimony.
For the foregoing reasons, I would reverse the grant of summary judgment on Sanders’ retaliation claim. I dissent from the majority’s contrary holding.

. I concur in the portion of the opinion that affirms the district court's ruling on the motion to amend the complaint.

. Indeed, the Sixth Circuit casé that the majority cites, in support of the "concrete [and] ongoing” standard, notes that “concrete and' continuous” are not requirements, but only characteristics "typically” found in acts covered by the statute. Am. Nuclear Res., Inc. v. U.S. Dep’t of Labor, 134 F.3d 1292, 1296 (6th Cir.1998). The opinion goes on to emphasize that "[a] single act or inquiry may, of course, fall under the [Energy Reorganization Act's] scope,” so long as it bears a close nexus to safety. Id.